**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

EFREM TATE,                                  :
                                             :
       Petitioner,                   :
VS.                                          :       NO. 4:23-CV-00013-CDL-MSH
                                             :
Sheriff GREG COUNTRYMAN,                     :
                                             :
      Respondent.[1]                :
_____              :

## **ORDER**

In accordance with the Court's previous orders and instructions, Petitioner Efrem Bernard Tate, a prisoner confined at the Muscogee County Jail in Columbus, Georgia, has filed a recast federal habeas corpus petition on the Court's standard form challenging his pretrial detention (ECF No. 6). It is therefore **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his recast petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and recast habeas petitions. If amended, Petitioner will be presumed to have deliberately waived his

---

[1] On his 28 U.S.C. § 2241 form, Petitioner named Sheriff Greg Countryman and the Muscogee County Jail as Respondents in this action. Recast Pet. 1, ECF No. 6. "[T]he proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner[.]" *Walther v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (per curiam). Greg Countryman is the Sheriff of Muscogee County and thus Petitioner's custodian. Accordingly, the Court has corrected the style of this case to show Greg Countryman as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

right to complain of any constitutional errors or deprivations other than those set forth in his initial, recast, and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.[2]   Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.   Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the initial and recast petitions and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.   A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.   Petitioner is advised that his failure to keep the Clerk

---

[2]  The Court may apply these Rules to Petitioner's federal habeas petition even if it is filed pursuant to 28 U.S.C. § 2241.   *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 2nd day of May, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE